UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Cesar Ivan Martinez Ozuna,<br>Petitioner,<br>v.<br>Warden, Golden State Annex Detention Facility, et al.,<br>Respondents. | No. 1:26-cv-01881-KES-FJS (HC)<br>(A-Number: 240-174-364),<br><br>ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS AND REQUIRING IMMEDIATE RELEASE<br><br>Doc. 1 |

Petitioner Cesar Ivan Martinez Ozuna is an immigration detainee proceeding pro se with a petition for writ of habeas corpus. Doc. 1. The court construed the petition as challenging the statutory authority for petitioner's detention and ordered respondents to show cause why the petition should not be granted. Doc. 5. Respondents argue that petitioner is "subject to mandatory detention by ICE under 8 U.S.C. § 1225(b)(2)(A)." *See* Doc. 7 at 1. But the Ninth Circuit rejected that argument in *Rodriguez Vazquez v. Bostock*, 183 F.4th 1160 (9th Cir. 2026), and held that 8 U.S.C. § 1226(a) applies to noncitizens in petitioner's circumstances. Respondents do not assert that petitioner is subject to detention pursuant to 8 U.S.C. § 1226(a) or

subject to mandatory detention under 8 U.S.C. § 1226(c). *See* Doc. 7.

Immediate release is appropriate because respondents have taken the position that petitioner is subject to mandatory detention under § 1225(b) and have not argued that petitioner's detention was made pursuant to § 1226(a). *See J.A.C.P. v. Wofford*, No. 1:25-CV-01354-KES-SKO (HC), 2025 WL 3013328, at *8 (E.D. Cal. Oct. 27, 2025). The court declines to *sua sponte* construe petitioner's detention as one arising under § 1226(a). *See Cartagena Hueso v. Soto*, No. 26-1455 (ZNQ), 2026 WL 539271, at *3 (D.N.J. Feb. 26, 2026).

Moreover, "[i]ssuance of a warrant is a necessary condition to justify discretionary detention under section 1226(a)." *Chogllo Chafla*, 2025 WL 2688541, at *11. "Section 1226(a) plainly states: '*On a warrant issued by the Attorney General*, a [noncitizen] may be arrested and detained . . . ." *Chogllo Chafla*, 2025 WL 2688541, at *11 (quoting 8 U.S.C. § 1226(a)). Under 8 C.F.R. § 236.1(b)(1), a noncitizen may only be arrested and detained pursuant to the Form I-200 administrative warrant if it is issued by an authorized individual. *See* 8 C.F.R. § 236.1(b)(1) ("At the time of issuance of the notice to appear, or at any time thereafter and up to the time removal proceedings are completed, the [petitioner] may be arrested and taken into custody under the authority of Form I–200, Warrant of Arrest. A warrant of arrest may be issued only by those immigration officers listed in § 287.5(e)(2) of this chapter and may be served only by those immigration officers listed in § 287.5(e)(3) of this chapter."). There is no evidence in the record that respondents used a warrant to arrest petitioner. Nor have respondents argued that a warrantless arrest was justified in this case. "Since the Government did not comply with the plain language of section 1226(a), [petitioner's] immediate release is justified." *Id.*; *Chiliquinga Yumbillo v. Stamper*, No. 2:25-cv-00479-SDN, 2025 WL 2783642, at *5 (D. Me. Sept. 30, 2025) (reaching same conclusion).

Accordingly, the petition for writ of habeas corpus is GRANTED. The court ORDERS that respondents release petitioner Cesar Ivan Martinez Ozuna (A-Number: A-240-174-364) immediately. If respondents seek to re-detain petitioner, they must hold a pre-deprivation bond hearing before a neutral arbiter pursuant to section 1226(a) and its implementing regulations, at

which petitioner's eligibility for bond must be considered.[1]

Respondents are ORDERED to provide petitioner with a copy of this Order upon his release.

The Clerk of Court is directed to close this case, terminate any pending motions as moot, and enter judgment for petitioner. The Clerk is directed to serve Golden State Annex with a copy of this Order.

IT IS SO ORDERED.

Dated: November 22, 2026

UNITED STATES DISTRICT JUDGE

[1] This Order does not address the circumstances in which respondents may detain petitioner in the event he becomes subject to an executable final order of removal.